FILED - USDC -NH
2026 APR 7 PM4:39

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

CIVIL DOCKET NO. _______________

Laird J. Heal, Plaintiff

v.

Lisa Sieverts, Bruce Myrick, Christopher Salmon, Larry Ames, Peter Martel, Owen Hale and Matt Garland, Perin Ellsworth-Osanya, Tom Buttrick and Valerie van Meier, each individually and Board of Directors of the Monadnock Folklore Society, William R. Potter, individually and as Master and Foreman of Jack in the Green, Kim Temple aka Kim Wallach as Master of Firebird Morris, Town of Peterborough, Town of Harrisville, Town of Nelson, and TBD doing business as Lakefalls aka Lakefalls Lodge, Defendants.

COMPLAINT

1. NOW COMES Plaintiff Laird J. Heal and files this Complaint naming as Defendants: Lisa Sieverts; Bruce Myrick; Christopher Salmon; Larry Ames; Peter Martel; Owen Hale; Matt Garland; Perin Ellsworth-Osanya; Tom Buttrick and Valerie van Meier, each individually and as the Board of Directors ("Board") of the Monadnock Folklore Society ("MFS"); William R. Potter as Master and Foreman of Jack in the Green; Kim Temple aka Kim Wallach as Master of Firebird Morris; Town of Peterborough; Town of Nelson and TBD (To Be Determined), doing business as Lakefalls also known as Lakefalls Lodge.

Introduction

2. Plaintiff has been participating in MFS activities for more than 25 years, both at the contra dances, both in Nelson, New Hampshire and Peterborough, New Hampshire, and by attending the performances. Plaintiff also participates with the Jack in the Green and Firebird Morris teams. On or about February 23, 2026, the MFS Board barred Plaintiff from participating from any activities or attending any performances for an indefinite period, described as two to four weeks. The MFS Board or its members have not provided any reasonable accommodation for my disability, although they have done that in the past for others.

3. Over 12 years ago, Plaintiff suffered a stroke (see Exhibit 1) and has a continued language disability, where speech is slurred, words can be lost for an indefinite period and when required to speak quickly, all speech can be lost entirely. The aphasia is most pronounced when listening. Proper nouns such as names routinely cannot be deciphered. Numbers, even single digits, are mixed up. Rapid speech cannot be understood. Inexplicably, even weeks later speech Plaintiff heard can come back to mind and then be comprehended. Participating with MFS activities is a part of Plaintiff's recovery from this stroke.

4. In the past, dancers with similar injuries causing associated loss of coordination have continued to dance at MFS activities and as many as two of the Board members have assisted. I have not been offered any such accommodation or any other reasonable accommodation.

5. It appears that the Board have made a decision based on my inability to speak the right pronoun for people who demand that I change my language, where I just cannot control which pronoun comes out first, due to having a stroke 12 years ago.
6. On March 19, 2026 I filed a complaint with the New Hampshire Human Rights Commission. See RSA 354-A. This Complaint is based on events following that date, and in particular, March 23-25, 2026.
7. After the four week period that the Board requested ended, on March 23, 2026 Plaintiff returned to the Monday Nelson dance, only to be turned away. Plaintiff was then told that the ban on MFS events, concerts and dances was now indefinite, or more accurately permanent, and my request for the appeal as promised in MFS' 'Safety Policy' would not apply to Plaintiff. See Exhibit 2 and Exhibit 3.
8. This violates 42 U.S.C. § 12182(a), and § 12203(b). Upon information and belief, the MFS Board and its members are also violating § 12203(a).

<u>Parties</u>

9. Plaintiff Laird J. Heal has an address of 8 Linden Street, Winchendon, MA 01475.
10. Defendant Lisa Sieverts, with an address at 175 Brickyard Road, Nelson, NH 03457, is a member of the MFS Board.
11. Defendant Bruce Myrick, 54 Brook Street, Keene, NH 03431, described Monadnock Folklore Society's President and a member of the MFS Board.

12. Defendant Christopher Salmon, with an address of 375 Keene Road, Antrim, NH 03440, is a member of the MFS Board

13. Defendant Larry Ames, with an address at 227 Greenfield Road, Francestown, NH 03043, is a member of the MFS Board.

14. Defendant Peter Martel, with an address at 68 S. Bennington Road, Bennington, NH 03442, is a member of the MFS Board.

15. Defendant Owen Hale, with an address at 75 Murdough Hill Road, Nelson, NH 03457, is a member of the MFS Board.

16. Defendant Matt Garland, with an address of 220 N. Shore Road, Munsonville, NH 03457 has been named as a current member of the MFS Board at the regular Monday night dances.

17. Defendant Perin Ellsworth-Osanya, with an address at 46 Pinehurst Avenue, Keene, NH 03431, is described as member of the MFS Board on the website page at https://www.monadnockfolk.org/about/board-of-directors/.

18. Defendant Tom Buttrick, with an address of 9 Log Cabin Road, Nelson, NH 03457, is, according to the webpage a member of the MFS Board.

19. Defendant Valerie van Meier, with an address of 9 Log Cabin Road, Nelson, NH 03457, according to webpage is a member of the MFS Board.

20. Defendant Board of Directors ("Board"), upon information and belief, is constituted of the above Defendants doing business as Monadnock Folklore Society.

21. Defendant William R. Potter, with an address at 634 Deer Meadow Road, Webster, NH 03303, individually and as Master and Foreman of Jack in the Green Morris.

22. Defendant Kim Temple, with an address of 43 Hurricane Rd, Keene, NH 03431, as Master of Firebird Morris.

23. Defendant Town of Nelson owns the Nelson Town Hall and has its main office at 7 Nelson Common Rd, Nelson, NH 03457, and, according its website, may be contacted at 603-847-0047, with hours, other than Tuesday and Thursday mornings, by appointment.

24. Defendant Town of Harrisville, upon information and belief, has its principal offices at 705 Chesham Road, Harrisville, NH 03450 and is the owner the Wells Memorial School.

25. Defendant Harrisville School Board meets, upon information and belief, at the Wells Memorial School sited at 235 Chesham Road, Harrisville, NH 03450.

26. Defendant Town of Peterborough has its principal offices at 1 Grove Street, Peterborough, NH 03458 and, upon information and belief, owns the Peterborough Town House at the same address.

27. Defendant TBD (to be determined), doing business as Lakefalls, also known as Lakefalls Lodge, does business with an address at 750 Aten Road, Munsonville, NH 03457, although this Defendant's property extends into the Town of Stoddard. This Defendant may be Donall Healy, at the same address and ownership of the parcel in question, as the 2025 tax roll state indicates, but a

number of recent property transactions and the lack of registration of this business name with the Secretary of State makes it difficult to determine that from the available public records.

Statement of Jurisdiction

28. This Court has original jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. § 12203(c) and § 12188, but see RSA 354-A:25 (fourth sentence). 42 U.S.C. § 12188(a) provides for relief otherwise not available in RSA 354-A.

29. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over the state law claims that show the same controversy.

Allegations in common to all counts

30. I had a stroke in January 2014 and have been determined to be permanently disabled. See Exhibit 1. The lingering effects of the stroke include percipient and espressive aphasia. I may lose a word for an extended period; I may mispronounce a word; if tense, I may not be able to speak intelligible at all. If I cannot pronounce a word, I cannot understand it if spoken by someone else; if the speaker talks too fast or merely tries to spell a word, I cannot process the information and the morphemes are lost entirely; and understanding proper nouns or numbers is especially difficult. In the past this has not been an insurmountable barrier, but recently members of the MFS Board have become hypercritical

31. Presently and in the past, MFS has encountered dancers with disabilities and have gone to the point where two of the board member (as it then constituted) would

try to assist. There has been no reasonable accommodation offered me. Instead, the MFS has been published a "Safety Policy" and when I tried to that some of those guidelines are impossible I was told that I should leave then. For example, On October 6, 2025 I was confronted with a list of issues including that I had criticized the "Safety Policy" and my response included that under those guidelines I was supposed to tell people about my disabilities. My recollection of the best guess of that concern was Mr. Salmon was speaking from the stage and stating that a dancer should ask aloud and get permission before any so-call 'flourish' and, indeed, the Safety Policy does not say that the interaction between the dancers has to be done orally.

32. All of the so-called concerns that were addressed were resolved in my favor and I have been not informed about anything except that people were uncomfortable with my presence. The only person who has been named is Defendant Owen Hale, when he accidentally included me in an email message saying that.

33. On or about February 23, 2026, Defendant Peter Martel informed me that the MFS Board decided that I was barred from any MFS activities for an indefinite period described as two to four weeks. See Exhibit 5. (HRC Exhibit 6).

34. On March 19, 2026 I filed a complaint with the Human Rights Commission of New Hampshire. See Exhibit 5. The Human Rights Commission has jurisdiction under RSA 354-A until 180 days after March 19, 2026 unless the Human Rights Commission allows removal of its complaint to Superior Court. See RSA 354-A:21-a(I) and RSA 354-A:22(V). Also see 42 U.S.C. § 2000h-2 (availability of

intervenor by Attorney General). The facts underlying this Complaint, as recited in Paragraphs 36 through 37, occurred on March 23, 24 and 25, 2026. See Exhibit 2 and Exhibit 3. This Complaint requests equitable relief only.

35. Plaintiff here incorporates the allegations made in the Complaint filed with the Human Rights Commission for further background information but the claims made here are set below. See Exhibit 5.

36. After four weeks, on March 23, 2026 I returned to the Monday Nelson dance but Mr. Martel forcibly ejected me, not just from the Town Hall which MFS rents, but the public area abutting the dance hall as well.

37. Mr. Martel followed up by writing, "you are not allowed to come to Monadnock Folklore Society-related activities. [...] If you show up, you will be told to leave every time."

38. There is a repeated suggestion that just because am a man, women are too uncomfortable to be in my presence, yet none of the dancers have said that to me, only Ms. Sieverts, a member of the MFS Board.

39. On March 12, 2026, Mr. Martel sent an email thanking me for respecting the two-to-four week moratorium and informing that the MFS Board would meet on March 22, 2026. After I responded, on March 13, 2026, he said that he did not wish to continue the email conversation.

40. Accordingly, I returned to the Monday dance on March 23, 2026 and Mr. Martel forcibly evicted from the Nelson Town Hall. At that time, his statements were

confused; he said that four weeks had not elapsed (they had) and, again, he gave no clear reason for the Board's decision.

41. Afterwards, Mr. Martel wrote to say that "I assume you know we could take more substantial action" which I take as an open threat. He also wrote that I was not allowed to attend any MFS-related activities in the future, making his veracity in question. See Exhibit 2.

42. On March 24, 2026 Mr. Martel again wrote to indicate that the Board will not address an appeal. See Exhibit 3. There has been no indication to date that the Board will consider an appeal. To date, I have not even been told of anything concrete which constitutes a 'concern' except for general discomfort.

COUNT I - Injunction to Enforce 42 U.S.C. § 12182
(MFS Board and its Members)

43. Plaintiff incorporates all of the allegations set in Paragraphs 1 to 42 above.

44. On March 23, 2026 Plaintiff went to the Nelson Town Hall just after 7:30 PM.

45. The regular Monday dances are operated by the members of the MFS Board of Directors doing business as Mondanock Folklore Society.

46. Plaintiff was refused entry by Defendant Peter Martel and even more he insisted that Plaintiff leave the adjoining public spaces, not just from the dance hall.

47. Mr. Martel stated would Plaintiff's attempts to gain entry at MFS events, dances, concerts, performances and activities be denied by the MFS Board going forward. See Exhibit 2.

48. Plaintiff has a disability within the meaning of 42 U.S.C. § 12102(1), due to suffering a stroke with subsequent aphasia.

49. MFS is improperly using an arbitrary decision to deny Plaintiff as a disabled person "the opportunity of the individual or class to participate in or benefit from the goods, service, facilities, privileges or accommodations" provide by MFS events. 42 U.S.C. § 12182(b)(1)(A)(i).

50. Mr. Martel and the MFS Board have thus violated 42 U.S.C. § 12182 (Prohibition of discrimination by public accommodations). Alternatively, this behavior violates § 12203(a) and § 12203(b) but see COUNT II -Injunction to Enforce 42 U.S.C. § 12203 below.

51. MFS operates activities, as currently listed, in Nelson and Peterborough.

52. Preventing me from participating with MFS activities or even attending MFS concerts or performances is contrary to 42 U.S.C. 12182, § 12203(a) and § 12203(b).

53. 42 U.S.C. 12188 remedies include prescribed injunctions, i.e., restraining a Defendant from foreseeable actions in the future. It is foreseeable that I will be prevented from enjoying participating the MFS activities as I have in the past.

54. WHEREAS, this Honorable Court should enjoin the members of the MFS Board, as enumerated above, the Town of Nelson and the Town of Peterborough from preventing me to enjoy the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of each pertinent place of public accommodation as guaranteed by 42 U.S.C. § 12182.

55. WHEREAS, Defendants MFS Board, its members, Kim Temple and/or Firebird Morris, and Willam R. Potter and/or Jack in the Green Morris, the Town of

Nelson, the Town of Peterborough, the Town of Harrisville, the Harrisville School Board and TBD doing business as Lakefalls, also known as Lakefalls Lodge should be ordered not to discriminate against Plaintiff in violation of 42 U.S.C. § 12182, whether or not in retaliation or to coerce, intimidate, threaten or interfere with Plaintiff's exercise or enjoyment in violation § 12203, until and unless this Court should otherwise order.

COUNT II - Injunction to Enforce 42 U.S.C. § 12203
(All Defendants)

56. Plaintiff incorporates all of the allegations set in Paragraphs 1 to 55 above.

57. On March 23, 2026 Plaintiff went to the Nelson Town Hall just after 7:30 PM.

58. Plaintiff was refused entry by Mr. Martel and the MFS Board.

59. Mr. Martel stated would be denied by the MFS Board going forward.

60. The MFS Board has used its influence based on its sponsorship to coerce Jack in the Green Morris and Firebird Morris to prevent Plaintiff to have his previous enjoyment to participation with them. See Exhibit 5. (HRC Exhibit 6).

61. Defendant William Potter operates Jack in the Green Morris at various locations including Wells Memorial School in Harrisville, New Hampshire and Lakefalls in Munsonville, New Hampshire and the 'pub' sing afterwards.

62. Defendant Kim Temple operates Firebird Morris principally at the Wells Memorial School and at other locations for performances.

63. MFS has threatened with Plaintiff with "more substantial action" "[i]f you show up" than "you will be told to leave every time". See Exhibit 2.

64. This violates 42 U.S.C. § 12203(a) and § 12203(b). MFS may not coerce, intimidate, threaten or interfere with Plaintiff with the exercise or enjoyment provided by MFS events as protected by Title III. See 42 U.S.C. § 12182(b)(1)(A)(i) and § 12203(b).

65. 42 U.S.C. § 12203(c) directs the Court to apply 42 U.S.C. 12188 for Title III violations, for remedies include prescribed injunctions, i.e., restraining a Defendant from foreseeable actions in the future. It is foreseeable that I will be prevented from enjoying participating the MFS activities as I have in the past unless MFS is enjoined appropriately.

66. WHEREAS, this Honorable Court should order the members of the MFS Board, as enumerated above, and the MFS Board (an association doing business as Monadnock Folklore Society) not to discriminate against me and not to retaliate or coerce, intimidate, threaten or interfere with Plaintiff's exercise or enjoyment of activities protected by § 12182, thus in violation of 42 U.S.C. § 12203, until and unless this Court should otherwise order.

67. WHEREAS, this Honorable Court should order Defendant Kim Temple and/or Firebird Morris, and Defendant William Potter and/or Jack in the Green Morris, the Town of Nelson, the Town of Peterborough, the Town of Harrisville, the Harrisville School Board and TBD doing business as Lakefalls, also known as Lakefalls Lodge not to discriminate against me in violation of 42 U.S.C. § 12182, whether or not in retaliation, and not to coerce, intimidate, threaten or

interfere with my the exercise or enjoyment in violation § 12203, until and unless this Court should otherwise order.

COUNT III - Preliminary Injunction Regarding MFS "Safety Policy"

68. Plaintiff incorporates all of the allegations set in Paragraphs 1 to 67 above.

69. MFS publishes a so-called "Safety Policy", in which it guarantees an appeal process.

70. As of February22, 2026 MFS will not even acknowledge my email messages, except to a hitherto unknown spokesman, Peter Martel.

71. This Peter Martel now writes that he has not forwarded anything I sent to him to the rest of the MFS Board.

72. The promised appeal process has been rescinded by MFS.

73. This Court has jurisdiction to order specific performance, declaratory judgment and injunctions under 42 U.S.C. § 12203(c), § 12218 and § 2000a-3(a).

74. It would be an empty promise if, during the appeal process, MFS would be allowed to impose penalties upon Plaintiff when MFS have not yet even said what the complaints are.

75. This Honorable Court should order that Plaintiff's participation in MFS events, concerts, performances and other activities be continued.

76. There is a presumption that anyone can participate at a MFS public event. However, MFS is discriminating against me.

77. The MFS Board and the other Defendants should be enjoined from retaliating, coerce, intiminitate, threaten or otherwise interfere with Plaintiff's exercise or

enjoyment of the MFS activities, Jack in the Green Morris and Firebird Morris teams and any other similar activities or events.

78. The MFS Board and its members are discriminating against me by preventing me from attending its events, even past to the extent that the law would allow, as they have chosen to issue their own self-help injunctions against Plaintiff without first following its own "Safety Policy", including the promised Appeal Process, which also is a breach of contract as the Safety Policy is a contract by adhesion.

79. Defendant William Potter has stated that he is following the MFS Board guidance but has gone past to that to prevent me from even talking to my friends among the MFS community, and this may violate 42 U.S.C. 12188 as well.

80. Defendant Kim Temple or Firebird Morris has not spoken on the dispute and is assumed to be following the MFS Board guidance, so ordering her or Firebird Morris not to discriminate is precatory.

81. WHEREAS, the MFS Board and its members should be ordered not to enforce its decisions, and they, Defendant Kim Temple and/or Firebird Morris, and Defendant William Potter and/or Jack in the Green Morris, the Town of Nelson, the Town of Peterborough, the Town of Harrisville, the Harrisville School Board and TBD doing business as Lakefalls, also known as Lakefalls Lodge should be ordered not to discriminate against me in violation of 42 U.S.C. § 12182 or retaliate or coerce, intimidate, threaten or interfere with Plaintiff's exercise or enjoyment in violation § 12203, until and unless this Court should otherwise order.

COUNT IV - Specific Performance

82. Plaintiff incorporates all of the allegations set in Paragraphs 1 to 81 above.

83. On Monday, February 22, 2026 I was informed by the MFS Board that I was not to participate any MVS events, Jack in the Green Morris events or Firebird Morris events.

84. In its “Safety Policy”, MFS promises an appeal process. See Exhibit 5. (HRC Exhibit 4).

85. The Safety Policy is a contact by adhesion. I had no part of creating its content other than offering criticism of some earlier versions. As such, the language in the Safety Policy and any ambiguous should be strongly consrued against MFS.

86. I accepted the Safety Policy, willy-nilly, by attending MFS events and making the required payments.

87. MFS made a decision, to ban me from all MFS events under its auspices, apparently arbitrary because it gives no clear reason.

88. MFS now denies that its appeals process applies to me. Alternatively, MFS now seeks to repudiate that promise which it made in its Safety Policy.

89. Because I have been made to come to this Honorable Court to seek redress, this Court may decide if that the appeals process promised in the MFS Safety Policy should be enforced, and if so, give a judgment on the merits.

90. MFS has refused to disclose the names of complainants it has based its earlier complaints about so it is possible that there are no real complainants at all.

91. MFS stated that the earlier complaints were resolved in my favor and according to Defendant William Potter, circulated the earlier complaints outside the MFS Board as a reason to banning me, but MFS did not disclose that as a reason to me.

92. The normal discovery process should allow this Court to find any such uncertainties regarding MFS' decision and whether it was lawful or actionable.

93. MFS' Safety Policy offers an appeal process. However, when Plaintiff wrote to obtain the appeal process, he was denied abruptly.

94. I accepted the Safety Policy by paying the requested price and participating like any other dancer, or, alternatively, by paying the requested price and taking a place in the audience for concerts and performances.

95. When I raised a concern about Nat Backes, who was caught on video using violence against me, MFS chose to have us talk with two MFS Board members attending.

96. This establishes the MFS process for resolving concerns.

97. Because MFS has not described anything about its decision other than to say that unspecified other dancers feel uncomfortable if I attend a dance, and MFS has refused to let me address, MFS is both not following its own process for resolving concerns but is also unilaterally reputiating its published Safety Policy, which guarantees an appeal process.

98. It would allow MFS to have the benefit of its own breach of contract if MFS could prevent me from participating as any other person in its community, until

this Court moderates the process for resolving concerns and the appeals process, and renders judgment.

99. Each concert, performance and any other event is unique. Monetary relief cannot replace the experience lost due to being barred from attendance. There is no adequate relief at law.

100. There is not even a suggestion that this lack of comfort extends to the MFS-sponsored concerts.

101. All of the concerns brought up to me, starting after February 15, 2025, were resolved in my favor.

102. If MFS is not restrained by an injunction, its action in repudiating its own Safety Policy would give MFS the benefit of its breach even if in the end it is found to be unfair or illegal.

103. MFS cannot express any loss if an injunction prevents it from barring me from its events, concerts and performances. It will be the opposite, as MFS will gain by the entry fee I will pay.

104. No reason was provided for the Board denying me to enter the venue other than the concern that other people in attendance would be uncomfortable.

105. MFS has no more right to exclude people from the community than the governmental entities have to exclude people from those public spaces and halls.

106. While MFS has said that it does not wish to prevent me from speaking to other people in the MFS community, its actions are having just that effect.

107. This prior restraint to prevent me from by MFS is another reason to allow injunctive relief. The public policy strongly is in favor of allowing freedom of speech and association.

108. WHEREAS, the Court should enjoin MFS from imposing any penalties without following its own policies and procedures.

WHEREAS, the MFS Board and its members should be ordered to an orderly appeal process of its decision, under this Court's supervision, and as Plaintiff has been required to seek redress in this Court, judgment accordingly in this forum.

COUNT V - Injunction Regarding Jack in the Green Morris

109. Plaintiff incorporates all of the allegations set in Paragraphs 1 to 108 above.

110. On February 23, 2026 MFS extended its prohibition to activities conducted by Jack in the Green Morris.

111. After the previously known email addresses used by MFS did not respond, on February 25, 2026 I attended the Jack in the Green 'pub' sing. Afterwards, Defendant William Potter stated that I was banned from Jack in the Green Morris, including the 'pub' sing after the dance practices, until MFS says otherwise, despite the statement from MFS that MFS was not trying to prohibit me from talking to other dancers in the MFS community.

112. It is important to participate with these community sing-a-long activities because it is only the past year that Plaintiff have been able to put words along with humming along with songs. Keeping the melody in mind has never been any problem, but Plaintiff is slowly recovering from the stroke.

113. While the February 25, 2026 'pub' sing was held in a private home, in January, 2026 I went to the pub sing in Newburyport, Massachusetts at the Port Tavern, a public entity. Mr. Potter used his authority to interfere with my participation in the pub sing on March 25, 2026, again the monthly Portermen at the Port Tavern.

114. Mr. Potter thus violated 42 U.S.C. § 12203(b).

115. Jack in the Green Morris is described as open to all. Jack in the Green Morris practices are at a public arena owned, by information and belief, the Town of Harrisville or at a place open to the public owned by TBD, who may be Donall Healy, doing business as Lakefalls, also known as Lakefalls Lodge.

116. Preventing me from participating or even attending Jack in the Green Morris, the post-practice 'pub' sing', which Jack in the Green uses to rehearse songs which they perform publicly, or any performance is contrary to 42 U.S.C. § 12182 and § 12203(b).

117. 42 U.S.C. § 12188 remedies include prescribed injunctions, i.e., restraining a Defendant from foreseeable actions in the future. It is foreseeable that I will be prevented from enjoying participating the Jack in the Green Morris activities as I have in the past, unless Mr. Potter and Jack in the Green Morris is ordered by an injunction.

118. WHEREAS, this Honorable Court should enjoin Jack in the Green Morris, its Master William Potter, the Town of Harrisville, the Harrisville School Board and TBD doing business as Lakefalls, also known as Lakefalls Lodge from preventing me to enjoy the full and equal enjoyment of the goods, services,

facilities, privileges, advantages, or accommodations of each pertinent place of public accommodation.

COUNT VI - Injunction Regarding Firebird Morris

119. Plaintiff incorporates all of the allegations set in Paragraphs 1 to 118 above.

120. On February 23, 2026 MFS extended its prohibition to activities conducted by Firebird Morris. See Exhibit 5. (HRC Exhibit 6).

121. Defendant Kim Temple has not been contacted after this but considering Defendant William Potter's statement that I was banned from Jack in the Green Morris until MFS says otherwise, it can be assume that Firebird Morris' status would be the same.

122. Firebird Morris is described as open to all. Firebird Morris practices at the gymnasium in the Wells Memorial School, operated by the Harrisville School Board and owned, upon information and belief, by the Town of Harrisville.

123. Preventing me from participating or even attending Firebird Morris performances is contrary to 42 U.S.C. § 12182 and § 12203(b).

124. 42 U.S.C. § 12188 remedies include prescribed injunctions, i.e., restraining a Defendant from foreseeable actions in the future. It is foreseeable that I will be prevented from enjoying participating Firebird Morris activities as I have in the past.

125. WHEREAS, this Honorable Court should enjoin Firebird Morris, its Master Kim Temple and the Town of Harrisville from preventing me to enjoy the full and

equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of each pertinent place of public accommodation.

CONCLUSION

126. This Court should give judgment as following:

127. On COUNT I -Injunction to Enforce 42 U.S.C. § 12182, MFS and the members of the Board, the Town of Nelson and the Town of Peterborough should be ordered to not discriminate from Plaintiff at MFS' events, performances, concerts and other MFS activities.

128. On COUNT II -Injunction to Enforce 42 U.S.C. § 12203, MFS and the members of the Board should be ordered not to retaliate against Plaintiff or otherwise coerce, intimidate, threaten or interfere with Plaintiff's exercise or enjoyment of events, performances, concerts and other activities which MFS purports to having control of, sponsor or relate to.

129. On COUNT III -Preliminary Injunction Regarding MFS "Safety Policy", this Court should enjoin the MFS Board and its members from acting without first following its own policies and procedures.

130. On COUNT IV -Specific Performance, the Court should require the MFS Board and its members to follow its own policies and procedures, written or unwritten, and because MFS has absconded in its duties, render judgment in its stead.

131. On COUNT V -Injunction Regarding Jack in the Green Morris, Defendant William Potter, the Harrisville School Board, the Town of Harrisville and TBD doing business as Lakefalls also known as Lakefalls Lodge should be ordered not

to discriminate from Plaintiff at Jack in the Green Morris events, performances, concerts and other associated activities.

132. On COUNT VI -Injunction Regarding Firebird Morris, Defendant Kim Temple also known as Kim Wallach and/or Firebird Morris, the Harrisville School Board and the Town of Harrisville should be ordered not to discriminate from Plaintiff at Firebird Morris events, performances, concerts and other associated activities.

133. The Plaintiff requests the Court issue any other and further order which the interests of justice requires.

Respectfully Submitted,

Laird J. Heal

Laird J. Heal
8 Linden St.
Winchendon, MA 01475
(617-851-0232)
lairdheal@yahoo.com

Dated: April 7, 2026