**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

DOCKET NO. 26-cv-263-JL-TSM

Laird J. Heal, Plaintiff,

v.

Lisa Sieverts, Bruce Myrick, Christopher Salmon, Larry Ames, Peter Martel, Owen Hale and Matt Garland, Perin Ellsworth-Osanya, Tom Buttrick and Valerie van Meier, each individually and Board of Directors of the Monadnock Folklore Society, Bill Potter, individually and as Master and Foreman of Jack in the Green, Kim Wallach as Master of Firebird Morris, Town of Peterborough, Town of Nelson, Town of Harrisville, Harrisville School Board and TBD d/b/a Lakefalls Lodge, Defendants.

OPPOSITION TO DOCUMENT 25, MOTION BY TOWN OF PETERBOROUGH TO DISMISS

Plaintiff, Laird J. Heal, offers this Opposition to the Motion[#25] to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6).

This Motion[#25] does not stand up to even a facially examination. However, Plaintiff went through its points and as a good litigant must sought support for its points and found, to his chagrin, there is a better statutory basis in 42 U.S.C. §§ 12122-12123 than § 12182(b)(1)(A)(i), as found in the First Amended Verified Complaint. All is not lost for its pleadings; with fact-based pleadings, the Court may look to the gist. It has been that in the heydays of fact-based pleading, the judge would simply recognize the pattern of the facts and apply the law to it, but it is clear that normal federal practice includes accurate conclusions of law in the complaints. There have been developments as well, also supporting amending the Complaint. On the other hand, the Human Rights Commission is still considering an early motion to allow removing its

1

complaint. While the First Amended Verified Complaint should not be dismissed outright, and the Human Rights Commission has been given its 30 days as mandated by 42 U.S.C. § 2000a-3(c), this case is still limited to federal law and the facts after March 19, 2026.

Among its factual errors, the Motion[#25] includes, "Paragraph 36 says that Plaintiff was forcibly ejected from the Town House and the public area next to the space rented by the Monadnock Folklore Society ("MFS")." The actual text is, "36. After four weeks, on March 23, 2026 I returned to the Monday Nelson dance but Mr. Martel forcibly ejected me, not just from the Town Hall which MFS rents, but the public area abutting the dance hall as well."

The case law may be worse.

Peterborough focuses on "42 U.S.C. 12182" after offering *Sanchez v. ACAA*, 247 F.Supp.2d 61, 67 (D.P.R. 2003) as authority. That case analyzes 42 U.S.C. 12182 (b)(2)(A)(ii) exclusively, i*d.* at 67, and it is scarcely binding precedent on this Court. If one Shepardizes it, one finds a smattering of unpublished decisions and *Cutting v. Down East Orthopedic Associates, P.A.,* 278 F.Supp.3d 485 (2017), which summarizes *Sanchez v. ACAA* as "denying standing where plaintiff-patient has not alleged that he plans to use defendants' medical services in the future, and the record suggests that he will not use those services", but also cites *Dudley v. Hannaford Bros. Co.*, 333 F.3d 299, 303 (1st Cir. 2003), which is binding precedent on this Court and at 333 F.3d at 304 we see where *Sanchez v. ACAA* got its syllogism from, except the First Circuit laid out a six-prong test, also only mentioning 42 U.S.C. 12182 (b)(2)(A)(ii).

The Amended Verified Complaint used 42 U.S.C. § 12182 (b)(2)(A)(i). Because the Motion [#25] does not address that, the Court could stop here. However, Plaintiff took

the chance to consider what Peterborough <u>could</u> have argued, and after an inordinate number of cases, stopping at *Taranov ex rel. Taranov v. Area Agency of Greater Nashua*, 2023 DNH 129, No. 21-cv-995, (D. New Hampshire October 16, 2023), one of the first cases reviewed some months ago, and with some chagrin, realized that either speedreading is not always the best, or Title II (42 U.S.C. §§ 12121-12165) may not the biggest copse in the forest but it is not best not to delve into it. That is, 42 U.S.C. §§ 12121-12123 gives a plaintiff the tools to sue a <u>public entity</u> such as the Town of Peterborough, and 42 U.S.C. §12202 removes the Eleventh Amendment immunity from the states throughout Chapter 126 of Title 42 (42 U.S.C. §§ 12101-12213).

Plaintiff will offer a second amended complaint. However, on the issues before the Court, *Ex parte Young*, 209 U.S. 123, 159 (1908) gives an alternative path for obtaining purely prospective relief, i.e., injunctive relief against a governmental entity.

We read "In beginning the first part of the analysis set forth by the courts" to start the first full paragraph on page 4 of the combined Motion [#25]. It is not clear at all what this is referring to. By the end of the paragraph, lack of mention of "any conduct by Town of Peterborough" and "The only factual issues stated are the official address of Peterborough, and that Peterborough owned and rented to MFS the Town House" may lend some light, but why they could be issues and not simple statements is another matter.

Without giving any statutory or case law to support it, Peterborough continues, "Ownership of a building does not in and of itself create a cause of action such as the one alleged by Plaintiff." The town goes further into the wilderness by confusing the basic

issue, namely whether it is the proper party to be enjoined or not, but since *Burton v. Wilmington Parking Authority,* 365 U.S. 715, 726 (1961) it has been clear that it is.

At 365 U.S. at 716 we read, "The Supreme Court of Delaware has held that Eagle [Coffee Shoppe, Inc.] was acting in "a purely private capacity" under its lease; that its action was not that of the Authority" but the Supreme Court rejected that construction. While the law of that time allowed purely private actions to observe segregation, *id.* at 721, the State of Delaware was not allowed to lease its property and allow its tenants to violate the law in a manner which one of the states could not, made clear by the Fourteenth Amendment. *Id*. at 717.

Of course, the case at bar is based on the American with Disabilities Act, with further developments show the Board of Directors of the Monadnock Folklore Society actively punishing Plaintiff's speech in a way that offends the First Amendment. This may be allowable even in this enlightened age for a purely private club, see *Roberts v. United States Jaycees*, 468 U.S. 609, 629-630 (1984), mentioning the Kiwanis, but not at all for events ostensible open to the public, such as the Jaycees. Also see *Franklin Lodge of Elks v. Marcoux,* 149 N.H. 581, 586-590 (2003).

With respect to the Town of Peterborough and whether the Court should allow injunctive relief, it is settled law that the actions of its lessees can be ascribed to it as a governmental entity, even if, as in *Burton v. Wilmington Parking Authority*, supra, 365 U.S. at 726, there is no overt action by the town.

Under 42 U.S.C. § 12132, unlike § 12188, a plaintiff may obtain compensatory damages from a governmental entity, *Barnes v. Gorman*, 536 US 181, 184 (2002), but the

First Amended Verified Complaint seeks only prospective injunctive relief, which may be obtained according to *Ex parte Young*, 209 U.S. 123, 159 (1908). Also see *Scott v. Crossway*, 2022 WL 16646531 at *8, No. 22-CV-500 (November 3, 2022, N.D.N.Y.).

Later in the *Sanchez v. ACAA* opinion, it discusses Title II of the ADA and public entities, i*d.*, 247 F.Supp.2d at 68, stating, 'The First Circuit recently observed that there is "sparse caselaw" interpreting Title II's scope and limits. See *Parker v. Universidad de Puerto Rico*, 225 F.3d 1, 4 (1st Cir.2000).' In the final footnote, *id*. at 72 (n. 19), it states "Neither the Supreme Court nor the First Circuit have squarely decided whether a plaintiff may recover compensatory damages under Title II." Sixteen years later, *Gray v. Cummings*, 917 F.3d 1, 17 (1st Cir. 2019) writes, "deliberate indifference is the appropriate standard" on the part of the public entity to be liable on a Title II claim. Even the *Sanchez v. ACAA* dicta had missed *Alexander v. Sandoval*, 532 U.S. 275, 282 (2001), where the Supreme Court made it clear that 42 U.S.C. § 12133, by borrowing the remedies found in "section 794a of title 29", includes monetary relief, and *Barnes v. Gorman*, 536 U.S. 181, 189-190 (2002) clarifying matters to not include punitive damages.

The Motion[#25] asks the Court to rule on the basis of a case which might or may not be against a governmental entity. See *Sanchez v. ACAA*, 247 F.Supp.2d 61, 72 (n. 19) (D. Puerto Rico, 2003). This authority is less than persuasive and its case law is stale; Plaintiff is left to write on a blank sheet. While Peterborough's argument misses the point, Plaintiff must support his complaint. Now, fact pleadings require the Court to look at the allegations. What is in the Amended Verified Complaint is enough to show that the Town of Peterborough is a defendant which could be enjoined. After all, the statute itself says, at

42 U.S.C. § 12188(a)(1), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this subchapter does not intend to comply with its provisions."

There is sufficient case law right within the District of New Hampshire for guidance, but for all of pointing at the Motion's[#25] shortcomings it took Plaintiff reading too many cases until only while making sure an injunction was constitutional as against a municipality that that insignificant Title II turned out not to be insignificant at all. At least, it did not take long after that to find at 28 CFR § 35.172(d), that at any time a private lawsuit (based on 42 U.S.C. § 12133) can be filed naming a public entity such as Defendant. Plaintiff had encountered *Taranov ex rel. Taranov v. Area Agency of Greater Nashua*, 2023 DNH 129, No. 21-cv-995, (D. New Hampshire October 16, 2023) some months ago, but only reading it another time was its value made clear.

With that perspective in place, while 42 U.S.C. § 12202 abrogates state's Eleventh Amendment immunity with respect to Chapter 126 (42 U.S.C. § 12101-12213), the states' liability is established only by Title II and the task now is to fit facts presently available to Plaintiff into the fact patterns in the growing body of case law applying Title II. One can use the actions of the public entity's officers or employees, its contractors and any state actors.  The MFS Board has been supplying its members as the state actors so far. Until there is adequate discovery, there is only conjecture as to Peterborough's internal policies or procedures, although the fact that after being notified of the actions Peterborough has allowed MFS to discriminate against Plaintiff gives the Court that at least Peterborough

has not acted, as it must, to ensure that its contractors do not discriminate against the disability.

On page 4 of the Motion[#25], the factual misreading of Paragraph 36 of the complaint is repeated, once again as a reason that the Town of Peterborough may be dismissed. Paragraph 36 is about the Town of Nelson. Whether or not the Town of Peterborough is the correct entity to be enjoined is established on page 6 when it is admitted that the it owns the Peterborough Town House.

*Commonwealth Life Ins. Co. v. Neal*, 669 F.2d 300 (5th Cir. 1982), cited by movant, regards a non-compete agreement; the preliminary injunction was also denied. A better case to compare with is *Price v. Shibinette*, 2021 DNH 179, No. 21-cv-25 (D. New Hampshire, November 18, 2021), where the plaintiffs were seeking injunctive relief under the Americans with Disability Act and that court denied a Fed.R.Civ.P. 12(b)(6) motion to dismiss. The *Price v. Shibinette* court rejected the argument that it the contractors bear the liability and discussed *Doe v. Shibinette*, 16 F.4th 894, 902 (1st Cir. 2021), where "The Commissioner argues [that the alleged injury] is not traceable to any violation of law that she has committed[.]" In *Price v. Shibinette,* the Commissioner sought to place the fault on its contractor's failures. 2021 DNH 179 at III.A.2. In the current Motion[#25] Peterborough claims that anything alleged simply has no connection to the town.

"To the extent defendants suggest that they can insulate themselves from ADA liability by contracting out to private entities their obligation to provide services in compliance with the ADA, they are wrong." *Id.* 28 CFR § 35.130(b)(1) mandates "A public entity, in providing any aid, benefit, or service, may not, directly or through

contractual, licensing, or other arrangements, on the basis of disability—Deny a qualified individual with a disability the opportunity to participate in or benefit from the aid, benefit, or service". 28 CFR § 35.130(b)(1)(i). For the principle that ultimate responsibility resides in the public entity, here a municipality, *Price v. Shibinette* looked to *A.H.R. v. Wash. State Health Care Auth.*, 469 F. Supp. 3d 1018, 1034 (W.D. Wash. 2016) further citing *Katie A., ex rel. Ludin*., 481 F.3d 1150, 1159 (9th Cir. 2007) and *John B. v. Menke*, 176 F. Supp. 2d 786, 801 (M.D. Tenn. 2001). "If the Defendants choose to delegate this responsibility, they must do so with the understanding that they will remain ultimately responsible for the failure of any delegatee." *Id.*, 176 F. Supp. 2d at 792, interpreting "the EPSDT provisions of Title XIX of the Social Security Act. 42 U.S.C. § 1396, et seq." *Id.* at 789-790.

This Court is limited in its effect by 42 U.S.C. 2000a-3, which mandates notice to the State of New Hampshire before instituting action in the District of New Hampshire, lest that case be dismissed for lack of subject jurisdiction, or the Court may stay proceedings until the Human Rights Commission closes its file[1]. The HRC is currently considering a motion to allow removal of its case. Plaintiff, always cautious, found enough of a connection in the enforcement provisions to ask the Court to stay for those 30 days.

It is admitted that the Town of Peterborough is the lessor, currently at four known events. The implementing regulations and the case law presented above establish that the

---

1    At RSA 354-A:2, XV(b), the HRC is empowered to govern "Practices prohibited by the Federal Civil Rights Act of 1964, as amended" and 42 U.S.C. § 12188(a)(1) refers to 42 U.S.C. § 2000a-3(a), which is a part of that. Without a complete grasp of the interrelations and understandably cautious, Plaintiff  followed 2000a-3(c) and notified the HRC and moved, pursuant to RSA 354-A:21-a, I (first sentence) and Hum 203 (c)(1), for permission to remove its complaint. The case presented to this Court is purely based on Federal law and the injunctive relief could be allowed based on 42 U.S.C. § 1983 and the First Amendment rights curtailed as well.

Town is a proper defendant for a complaint seeking injunctive relief. The arguments in the

Motion[#25] do not show otherwise, and the Motion should be denied.

Respectfully Submitted,

/s/ Laird J. Heal
Laird J. Heal
8 Linden St.
Winchendon, MA 01475
(617-851-0232)
lairdheal@yahoo.com

Dated: May 20, 2026

Certificate of Service

 I, Laird J. Heal, certify that I am over the age of 18 and on this date I have served this above Motion upon the Defendants, by placing in the United States Mail, postage prepaid, unless indicated served via Electronic Case Filing, to:


Donall Healy   or such person or entity d/b/a
Lakefalls Lodge
750 Aten Road

Munsonville NH 03457
603-847-3134


Town of Nelson
7 Nelson Common Rd

Nelson NH 03457
603-847-0047


Town of Harrisville
705 Chesham Road

Harrisville NH 03450
603-827-5546


Harrisville School Board
235 Chesham Road

Harrisville NH 03450
(603) 357-9002

Eric A. Maher, Esq.                                    representing:  Town of Peterborough
Donahue, Tucker & Ciandella, PLLC
111 Maplewood Avenue, Suite D,

Portsmouth NH 03801
(603) 778-0686
emaher@dtclawyers.com


10

Scott S. Anders
Donahue, Tucker & Ciandella, PLLC
16 Acadia Lane

Exeter NH 03833

sanders@dtclawyers.com

Leah Cole Durst                                        representing   Christopher Salmon
Shaheen & Gordon, P.A.
107 Storrs Street
 P.O. Box 2703
Concord NH 03302
(603) 369-4713
ldurst@shaheengordon.com

Larry Ames

Peter Martel

Owen Hale

Perin Ellsworth-Osanya

Tom Buttrick

Valerie van Meier

Lisa Sieverts

Bruce Myrick

Matt Garland

William R. Potter

Kim Wallach

/s/ Laird J. Heal
Laird J. Heal