UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

DOCKET NO. 26-CV-263-JL-TSM

| | |
|---|---|
| Laird J. Heal, Plaintiff<br><br>v.<br><br>Lisa Sieverts, Bruce Myrick, Christopher Salmon, Larry Ames, Peter Martel, Owen Hale and Matt Garland, Perin Ellsworth-Osanya, Tom Buttrick and Valerie van Meier, each individually and Board of Directors of the Monadnock Folklore Society, Bill Potter, individually and as Master and Foreman of Jack in the Green, Kim Wallach as Master of Firebird Morris, Town of Peterborough, Town of Harrisville, Town of Nelson, and Harrisville School Board. | MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL OF PROCEEDURE 12(B)(6) |

NOW COMES, Defendant Harrisville School Board, appearing through its counsel, Scott S. Anders and Eric A. Maher, do hereby move to dismiss the claims against the Harrisville School Board ("HSB") under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) for Plaintiff's failure to state a claim in regard to HSB.

**I.      Plaintiff's Complaint Where Harrisville School Board Is Mentioned**

Plaintiff Heal filed his complaint with the Court on April 7, 2026, with the United States District Court for the District of New Hampshire.  In the Complaint, Plaintiff makes allegations against several individuals and against three or four government entities located in New Hampshire.

1

Specifically, to the HSB, Plaintiff mentions them in the following paragraphs:

Complaint, page 5, ¶25-Harrisville School Board meets at the Wells Memorial School located in Harrisburg.

Complaint, pages 10-11, ¶55-The Harrisville School Board (amongst a group of several others) "should be ordered not to discriminate against Plaintiff in violation of 42 U.S.C. § 12182, whether or not in retaliation or to coerce, intimidate, threaten or interfere with Plaintiff's exercise or enjoyment in violation § 12203, until and unless this Court should otherwise order.

Complaint, pages 12-13, ¶67-That the Harrisville School Board (among others) "not to discriminate against me in violation of 42 U.S.C. §12182, whether or not in retaliation, and not to coerce, intimidate, threaten or interfere with my the (sic) exercise or enjoyment in violation § 12203, until and unless this Court should otherwise order."

Complaint, page 14, ¶81-The Harrisville School Board (among others) "should be ordered not to discriminate against me in violation of 42 U.S.C. § 12182 or retaliate or coerce, intimidate, threaten or interfere with Plaintiff's exercise or enjoyment in violation § 12203, until and unless this Court should otherwise order."

Complaint, pages 19-20, ¶118- "WHEREAS, this Honorable Court should enjoin The Harrisville School Board (among others) from preventing me to enjoy the full and equal enjoyment of the goods, services, from preventing me to enjoy the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of each pertinent place of public accommodation."

Complaint, page 20, ¶122-Firebird Morris is described as open to all. Firebird Morris practices at the gymnasium in the Wells Memorial School, operated by the Harrisville School Board and owned, upon information and belief, by the Town of Harrisville.

2

Complaint, pages 21-22, ¶131-"On COUNT V -Injunction Regarding Jack in the Green Morris, Defendant William Potter, the Harrisville School Board, the Town of Harrisville and TBD doing business as Lakefalls also known as Lakefalls Lodge should be ordered not to discriminate from Plaintiff at Jack in the Green Morris events, performances, concerts and other associated activities."

Complaint, page 22, ¶132- "VI-Injunction Regarding Firebird Morris, Defendant Kim Temple known as Kim Wallach and/or Firebird Morris, the Harrisville School Board and the Town of Harrisville should be ordered not to discriminate from Plaintiff at Firebird Morris events, performances, concerts and other associated activities."

Plaintiff makes no other mention of The Harrisville School Board in the Complaint.

## II.      Legal Analysis

A complaint "must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Saldivar v. Racine*, 818 F.3d 14, 18 (1st Cir. 2016) (citation omitted).  "To survive a motion to dismiss, [the] complaint "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

"In evaluating whether a complaint states a plausible claim, we "perform [a] two-step analysis." *Cardigan Mt. Sch. v. N.H. Ins. Co.*, 787 F.3d 82, 84 (1st Cir. 2015).  The first step, the Court must "distinguish the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." *Id.* (citation omitted).

3

Next, the Court needs to "determine whether the factual allegations are sufficient to support the reasonable inference that the defendant is liable." *García-Catalán v. United States*, 734 F.3d 100, 103 (1st Cir. 2013).

In beginning the first part of the analysis set forth by the courts and accepting the factual allegations as true, Plaintiff provides nothing in the paragraphs listed in the complaint that mention any conduct by the HSB.

Paragraph 25 merely mentions the HSB and that they meet at the Wells Memorial School. Nothing in paragraph 25 even hints at any wrongful action by the HSB.

The next paragraph mention of the HSB, paragraph 55, does not make mention of any action by HSB at all. Rather, the paragraph asks the Court to order that HSB and other defendants do not discriminate against people with disabilities. Nothing is stated about what HSB did to cause HSB to be subject to any order. No factual circumstance is stated that would lead one to believe HSB conducted itself in any way that was discriminatory or otherwise unlawful in the set of circumstances presented by Plaintiff.

The same situation presents itself in paragraphs 67 and 81 which are essentially identical in asking for an order to prevent HSB from discriminating against Plaintiff, including not retaliating. Plaintiff does not say anything about what HSB did that would indicate what HSB did that discriminated against him in any way at any time.

The pattern of asking for an order preventing HSB from discriminating against Plaintiff continues. Paragraph 118 seeks an order "preventing me [Plaintiff] to enjoy the full and equal enjoyment of the goods, services, from preventing me to enjoy the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of each pertinent place of public accommodation."

As the pattern of wanting and order, so too does the pattern of not stating anywhere what HSB did that would have, in any way, prevented him from doing the things that he wants to do. Plaintiff's issues clearly have nothing to do with HSB in terms of discriminating against him. That is obvious because Plaintiff presents no facts at all of anything that HSB did that in any way interfered with his rights.

The pattern only slightly alters course in paragraph 122. Plaintiff says that a group practices at the Wells Memorial School. The private group, Firebird Morris, as the claim goes, says it is open to all. What Firebird Morris says is in no way attributable to HSB. Yet Plaintiff continues somehow try to make HSB responsible for something that HSB has absolutely nothing do with.

Last, paragraphs 131 and 132 again request that the court enter an order preventing the HSB, and others, be ordered not to discriminate against Plaintiff.

The only factual matter that Plaintiff states about HSB is that the HSB meets at the Wells Memorial School. As Ludwig Bemelmans, author of the Madeline children's book series ended most of the Madeline stories, "That's all there is. There is no more." There are no facts showing that HSB discriminated against Plaintiff. There are no facts stating that HSB retaliated against Plaintiff. There are no facts that in any way show that Plaintiff in any way interacted with HSB.

The remainder of Plaintiff's Complaint has nothing to do with HSB, actions by HSB, statements by HSB . . . Absolutely nothing. And yet this case goes on against HSB who by Plaintiff's own Complaint show nothing done by HSB. The case against HSB needs to end.

Plaintiff's complaint certainly does not meet the standard of showing facts sufficient to maintain the complaint against HSB. *García-Catalán v. United States*, 734 F.3d 100, 103 (1st Cir. 2013).

Were the fact that HSB meets in the Wells Memorial School sufficient to maintain a cause of action, then there might be something.

But Plaintiff's complaint does not state anymore than that and that fact is not sufficient to maintain a cause of action. The remainder of the times that HSB is mentioned are in the form of asking for an order to prevent HSB from discriminating against Plaintiff when no discrimination by HSB against Plaintiff has been alleged.  Plaintiff's Complaint does not state enough against HSB to support any claim whatsoever.

### III.    CONCLUSION

Respectfully, HSB requests this Court to grant this Motion to Dismiss under FRCP 12(b)(6) for failure to state a claim for which relief can be granted.  Plaintiff states one actual fact about HSB that states where the HSB regularly meets.  Plaintiff does not put a coherent set of facts together to connect HSB to any actions against Plaintiff.

Rather, Plaintiff, with the one fact noted above, requests this Court to place orders against HSB to prevent discrimination by HSB against Plaintiff when Plaintiff cannot provide a sufficient nexus of contact between Plaintiff and HSB.

Respectfully submitted this 16th day of June, 2026

Respectfully submitted,

Harrisville School Board
By and Through Their Attorneys,
**DONAHUE, TUCKER & CIANDELLA, PLLC**

By: /s/ Scott S. Anders
Scott S. Anders, Esq., NHBA #279468
Donahue, Tucker & Ciandella, PLLC
16 Acadia Lane
Exeter, NH 03833
sanders@dtclawyers.com
(603)778-0686

6

By: /s/ Eric A. Maher
Eric A. Maher, Esq., NHBA #21185
Donahue, Tucker & Ciandella, PLLC
111 Maplewood Avenue, Suite D
Portsmouth, NH 03801
emaher@dtclawyers.com
(603)778-0686

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Motion to Dismiss Under Federal Rule of Civil Procedure 12(B)(6) has this 16th day of June, 2026, been forwarded to Laird J. Heal, Plaintiff, Pro Se, through the Court's electronic filing system.

/s/ Scott S. Anders
Scott S. Anders, Esquire

4926-7196-7157, v. 2